IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| **In re:** * | |
| **GOURMET EXPRESS ACQUISITION FUND, LLC,** *et al.*, * | Case Nos: 15-13670(NVA), 15-13673(NVA), and 15-13674(NVA) |
| * | |
| Debtors. | Chapter 11 |
| * | |
| | Jointly Administered under |
| * | Case No: 15-13670 (NVA) |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ORDER: (1) APPROVING ASSET PURCHASE AGREEMENT AMONG THE DEBTORS AND THE BUYER, (2) APPROVING SALE OF SUBSTANTIALLY ALL ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363(b), (f) AND (m), (3) APPROVING ASSUMPTION, ASSIGNMENT AND SALE OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO BANKRUPTCY CODE SECTIONS 363 AND 365, (4) DETERMINING THE AMOUNTS NECESSARY TO CURE SUCH EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND GRANTING RELATED RELIEF**

Upon the motion (the "Sale Motion") of Gourmet Express, LLC and its affiliates (the "Debtors"), debtors and debtors in possession in the above-captioned cases ("Bankruptcy Cases") pursuant to sections 105, 363 and 365 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules for the United States

Bankruptcy Court for the District of Maryland (the "Local Rules") whereby the Debtors sought approval of (a) that certain Asset Purchase Agreement, dated as of April 7, 2015 (as amended, supplemented or otherwise modified from time to time and including all Exhibits, Schedules and Appendices thereto, the "Asset Purchase Agreement")[1] by and among the Debtors and Genesis Merchant Partners, LP and Genesis Merchant Partners II, LP (together with their designee(s), the "Buyer"), which provides for the sale of substantially all of the Debtors' assets free and clear of all Liens, claims, interests and encumbrances (other than Liens specifically assumed by Buyer under the Asset Purchase Agreement and Permitted Exceptions), in accordance with the terms and conditions contained in the Asset Purchase Agreement, (b) the establishment of certain dates, deadlines and procedures regarding the sale by the Debtors to the Buyer of the Purchased Assets, including the assumption, assignment and sale to the Buyer of the Purchased Contracts, free and clear of all Liens, claims, interests and encumbrances in accordance with the terms and conditions contained in the Asset Purchase Agreement, and (c) consummation of the transactions contemplated by the Asset Purchase Agreement (collectively, the "Sale Transaction"); and this Court having entered an order (the "Sale Procedures Order") approving, among other things, the dates, deadlines and procedures with respect to (the "Sale Procedures"), and notice of the Sale Transaction; and a hearing having been held (the "Sale Hearing") to consider approval of the Asset Purchase Agreement and Sale Transaction; and adequate and sufficient notice of the Sale Motion having been given to all parties in interest in these cases; and all such parties having been afforded due process and an opportunity to be heard with respect to the Sale Motion and all relief requested therein; and the Court having reviewed and considered: (a) the Sale Motion; (b) the objections to the Sale Motion, if any; and (c) the arguments of counsel made, and the evidence

---

[1] A true and correct copy of the Asset Purchase Agreement is attached hereto as **Exhibit A**. Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Asset Purchase Agreement.

proffered or adduced, at the Sale Hearing; and after due deliberation and sufficient cause appearing;

**IT HEREBY IS FOUND AND DETERMINED THAT:**

A.   This Court has jurisdiction over the Sale Motion under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) & (O).  Venue of these cases and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.   The statutory basis for the relief sought in the Sale Motion are sections 105(a), 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 6006, and Local Rule 6004-1.

C.   As evidenced by the affidavits of service on file with the Court, (i) due, proper, timely, adequate, and sufficient notice, and a reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein, has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Sale Procedures Order and the Asset Purchase Agreement; (ii) such notice was good, sufficient, and appropriate under the circumstances; and (iii) no other or further notice of the Sale Motion is or shall be required.

D.   As demonstrated by (i) evidence adduced at and prior to the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, the Debtors have determined that the Asset Purchase Agreement represents the highest and best offer for the Purchased Assets and that no other marketing or sales process with respect to the Purchased Assets is in the best interests of the Debtors' estates or creditors or is likely to lead to an offer that provides consideration in excess of the consideration provided in the Asset Purchase Agreement.   The Sale Procedures were non-collusive, duly noticed, substantively and

procedurally fair to all parties, and were the result of arm's length negotiations. The Sale Procedures Order has been complied with in all material respects.

E.  Upon entry of this Sale Order, the Debtors shall have full authority to consummate the Asset Purchase Agreement and the Sale Transaction.

F.  Approval of the Asset Purchase Agreement and consummation of the Sale Transaction is in the best interests of the Debtors, their estates, creditors, and other parties in interest. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the sale to the Buyer pursuant to section 363(b) of the Bankruptcy Code.

G.  The Asset Purchase Agreement was negotiated, proposed, and entered into by the Debtors and the Buyer without collusion, in good faith, and from arm's length bargaining positions. The Buyer is not an "insider" of the Debtors, as that term is defined in section 101 of the Bankruptcy Code.

H.  The sale price in respect of the Purchased Assets was not controlled by any agreement among potential acquirers of the Debtors' Assets and neither the Debtors nor the Buyer engaged in collusion or any other conduct that would cause or permit the Asset Purchase Agreement or Sale Transaction to be avoided under section 363(n) of the Bankruptcy Code. Accordingly, neither the Asset Purchase Agreement nor the Sale Transaction may be avoided and no party shall be entitled to any damages or other recovery pursuant to section 363(n).

I.  The Buyer is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby. The Buyer is acting in good faith within the meaning of section 363(m) in consummating the Sale Transaction.

J.  The consideration to be provided by the Buyer pursuant to the Asset Purchase Agreement: (i) is fair and reasonable; (ii) is the highest or otherwise best offer for the Purchased

Assets; (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other practically available alternative; and (iv) constitutes reasonably equivalent value and fair consideration.

K. The transfer of the Purchased Assets to the Buyer will be a legal, valid, and effective transfer of the Purchased Assets and will vest the Buyer with all right, title, and interest of the Debtors to the Purchased Assets free and clear of all Liens, claims, encumbrances, and other interests of any kind and every kind whatsoever (including Liens, claims, encumbrances and interests of any Governmental Body), other than Liens specifically assumed by Buyer under the Asset Purchase Agreement, provided, that all Liens, claims, encumbrances and interests of which the Purchased Assets are sold free and clear shall attach to the proceeds of the sale, in order of priority. The Debtors may sell the Purchased Assets free and clear of all such Liens, claims, encumbrances and interests because, in each case, one or more of the standards set forth in section 363(f)(1) through (5) of the Bankruptcy Code have been satisfied.

L. For purposes of section 363(b)(1) of the Bankruptcy Code, the Debtors have, in connection with offering a product or service, previously disclosed to one or more individuals a policy prohibiting the transfer of "personally identifiable information" (as defined in 11 U.S.C. § 101(41A)) about individuals to persons that are not affiliated with the Debtors, but the Sale Transaction is consistent with that policy because the policy, as in effect on the Petition Date, specifically permits the transfer of such "personally identifiable information" to the Buyer because the Buyer has agreed to be bound by the same or substantially similar privacy protections as those established by the Debtors' privacy policy.

M. The transfer of the Purchased Assets to the Buyer or its designee(s), including the assumption by the Debtors and assignment and sale to the Buyer or its designee(s) of the

Purchased Contracts, will not subject the Buyer or its designee(s) to any liability whatsoever (including any successor liability) with respect to the operation of the Business prior to the Closing or by reason of such transfer, except that the Buyer or its designee(s), as applicable, shall remain liable for the Assumed Liabilities.

N. The Asset Purchase Agreement is a valid and binding contract between the Debtors and the Buyer, which is and shall be enforceable according to its respective terms.

O. In accordance with the Asset Purchase Agreement, the Debtors will comply with the Designation Rights Budget.

P. Notice of the Debtors' assumption, and assignment and sale to the Buyer, of the Purchased Contracts has been provided to each non-debtor party thereto, together with a statement therein from the Debtors with respect to the amount, if any, to be paid to such non-debtor party under Bankruptcy Code section 365(b) as a condition to assumption and assignment. As to each Purchased Contract, payment of the amounts set forth on **Exhibit B** hereto (each a "Cure Amount" and collectively, the "Cure Amounts") is sufficient for the Debtors to comply fully with the requirements of section 365(b)(1)(A) and (B) of the Bankruptcy Code.  In addition, the Buyer has provided adequate assurance of its ability to perform its obligations under each of the Purchased Contracts within the meaning of section 365(f)(2)(B) of the Bankruptcy Code. Therefore, the Purchased Contracts may be assumed by the Debtors and assigned and sold to the Buyer.

Q. There is other good and sufficient cause to grant relief requested in the Sale Motion and approve the Asset Purchase Agreement and the Sale Transaction.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Sale Motion is GRANTED.

2. Any objections to the Sale Motion or the entry of this Sale Order that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are DENIED and OVERRULED.

3. The Asset Purchase Agreement, including all of its terms and conditions, and the Sale Transaction are hereby approved.

4. Pursuant to sections 363 and 365 of the Bankruptcy Code, the Debtors are authorized to (i) execute, deliver, and perform under, consummate, and implement the Asset Purchase Agreement together with all additional instruments and documents that are requested by the Buyer and may be reasonably necessary or desirable to implement the Asset Purchase Agreement, and (ii) take any and all actions as they deem necessary, appropriate, or advisable for the purpose of assigning, transferring, granting, conveying, and conferring to the Buyer or reducing to Buyer's possession, the Purchased Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Asset Purchase Agreement, including, without limitation, any and all actions reasonably requested by the Buyer to effectuate the Asset Purchase Agreement.

5. Pursuant to sections 105(a), 363(f) and 365(b) of the Bankruptcy Code, upon the Closing: (i) the transfer of the Purchased Assets to the Buyer pursuant to the Asset Purchase Agreement shall constitute a legal, valid, and effective transfer of the Purchased Assets and shall vest the Buyer with all right, title, and interest in and to the Purchased Assets; (ii) the Purchased Assets shall be transferred to the Buyer free and clear of all Liens, encumbrances, and other interests of any kind and every kind whatsoever (including Liens, claims, encumbrances and

interests of any Governmental Body), other than Liens specifically assumed by Buyer under the Asset Purchase Agreement and Permitted Exceptions, in accordance with section 363(f) of the Bankruptcy Code, with any such Liens, claims, encumbrances and interests of which the Purchased Assets are sold free and clear to attach to the proceeds of the Sale Transaction, in the order of their priority, with the same validity, force, and effect which they had against the Purchased Assets prior to the entry of this Sale Order, subject to any rights, claims, and defenses the Debtors and all interested parties may possess with respect thereto; and (iii) each of the Contracts designated as Purchased Contracts at Closing shall be deemed assumed by the Debtors and assigned and sold to the Buyer.

6. This Sale Order is and shall be effective as a determination that all Liens, claims, encumbrances and interests, other than Liens specifically assumed by Buyer under the Asset Purchase Agreement, shall be and are, without further action by any Person, released with respect to the Purchased Assets as of the Closing Date.

7. Except to the extent expressly included in the Assumed Liabilities or to enforce the Asset Purchase Agreement or Permitted Exceptions, pursuant to sections 105 and 363 of the Bankruptcy Code, all persons and entities, including, without limitation, the Debtors, the Official Committee of Unsecured Creditors (the "Committee"), all debt security holders, all equity security holders, the Debtors' employees or former employees, governmental, tax, and regulatory or investigatory authorities of any sort, lenders, parties to or beneficiaries under any benefit plan, trade and other creditors asserting or holding any Liens, claims, encumbrances, and other interests of any kind and every kind whatsoever against, in or with respect to any of the Debtors, the Business, or all or any part of the Purchased Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising

under or out of, in connection with, or in any way relating to the Debtors, all or any part of the Purchased Assets, the operation of the Business prior to the Closing Date, or the transfer of the Purchased Assets to the Buyer shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such Liens, claims, encumbrances, or other interests, whether by payment, setoff, or otherwise, directly or indirectly, against the Buyer or any affiliate, successor, or assign thereof, or against the Purchased Assets.

8. The Buyer shall not be deemed or considered a successor to the Debtors or the Debtors' estates by reason of any theory of law or equity and the Buyer has not assumed nor is it in any way responsible for any liability or obligation of the Debtors or the Debtors' estates, except as otherwise expressly provided in the Asset Purchase Agreement.

9. All of the rights, claims or causes of action of the Debtors, including any Claims and causes of action arising under Chapter 5 of the Bankruptcy Code or any similar Law, shall be assigned, sold and transferred to Buyer, free and clear of all Liens, claims, encumbrances and interests, and Buyer shall have standing and authority to assert such rights, claims and causes of action.

10. Pursuant to section 365 of the Bankruptcy Code, the Debtors are authorized to assume the Purchased Contracts and assign and sell the Purchased Contracts to the Buyer. The Buyer shall pay the Cure Amounts set forth on **Exhibit B** hereto, no later than five (5) Business Days following the Closing of the Sale Transaction; provided, however, that the Buyer may direct the removal of any such contract or lease from the list of Purchased Contracts set forth in Schedule 1.1(c) of the Asset Purchase Agreement, in which case such contract or lease shall not constitute a Purchased Contract and neither the Debtors nor the Buyer shall have any obligation to pay any Cure Amount with respect thereto. Buyer may direct the removal of any Contract

from the list of Purchased Contracts set forth in Schedule 1.1(c) of the Asset Purchase Agreement in Buyer's sole and absolute discretion (i) until two (2) Business Days prior to the Closing Date, and (ii) after the Closing Date, if the Cure Amount for such Contract is subject to dispute as of the Closing and is determined by the Bankruptcy Court after the Closing to be greater than the amount set forth in Schedule 2.4(e) to the Asset Purchase Agreement.

11. The Purchased Contracts shall be transferred to, and remain in full force and effect for the benefit of, the Buyer in accordance with their respective terms, notwithstanding any provision in any such Purchased Contract (including those of the type described in section 365(b)(2) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer. Pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability with respect to the Purchased Contracts after such assignment and sale to the Buyer.

12. Subject to all of the applicable terms and conditions set forth in the Asset Purchase Agreement:

    a. During the Designation Rights Period, the Debtors shall (A) not reject any Contract unless such Contract is expressly designated by Buyer in writing as an Excluded Contract, Buyer fails to pay amounts owed with respect to such Contract pursuant to the Designation Rights Budget in accordance with the Asset Purchase Agreement (after having been afforded written notification and an opportunity to cure such failure in accordance with the Asset Purchase Agreement) or unless otherwise agreed to in writing by Buyer and (B) hold all Permits and other assets specified by Buyer in writing in abeyance pending designation for assignment or exclusion by Buyer in accordance with Section 2.7(c) of the Asset Purchase Agreement.

b. Any Contract not designated by Buyer in writing as either a Purchased Contract or an Excluded Contract, and any Permits and other assets designated in writing by Buyer, in each case at least two (2) Business Days prior to Closing, shall constitute a "Designation Rights Asset." Buyer shall have the right, by written notice to the Debtors within the Designation Rights Period, to specify that (A) any Designation Rights Asset that is a Contract shall be held by the Debtors and not rejected pursuant to section 365 of the Bankruptcy Code for the duration of the Designation Rights Period or earlier as provided in Section 2.7(c) of the Asset Purchase Agreement, and (B) any Designation Rights Asset that is not a Contract shall be held by the Debtors in abeyance during the Designation Rights Period pending designation for assignment or exclusion by Buyer in accordance with Section 2.7(c) of the Asset Purchase Agreement.

c. As to each Designation Rights Asset, as soon as practical after receiving further written notice(s) (each, a "Designation Notice") from Buyer during the Designation Rights Period requesting assumption, assignment and sale of any Designation Rights Asset to Buyer or a third party, the Debtors shall, subject to Buyer or such third party demonstrating adequate assurance of future performance thereunder and paying all Cure Amounts to the extent required by section 365 of the Bankruptcy Code, take all actions required by this Sale Order or otherwise that are reasonably necessary to seek to assume, assign and sell to Buyer or such third party the applicable Designation Rights Asset pursuant to section 363 of the Bankruptcy Code and, if such Designation Rights Asset is a Contract, section 365 of the Bankruptcy Code.

d. Following fifteen (15) days after the earlier of (A) the end of the Designation Rights Period and (B) the date of the Debtors' receipt of written notice from

Buyer designating the exclusion of a Designation Rights Asset, a Designation Rights Asset shall be deemed to be an Excluded Asset for all purposes under the Asset Purchase Agreement.

    e. Notwithstanding anything in the Asset Purchase Agreement or this Sale Order to the contrary, on the date any Designation Rights Asset is assumed, assigned and sold to Buyer or its designee pursuant to Section 2.7(c) of the Asset Purchase Agreement, such Designation Rights Asset shall be deemed a Purchased Asset for all purposes under the Asset Purchase Agreement and this Sale Order, and no further consideration (except for the applicable Cure Amount with respect to Designation Rights Assets that are Contracts) shall be required to be paid for any Designation Rights Asset that is assumed, assigned and sold to Buyer or its designee.

13. All defaults or other obligations of the Debtors under each Purchased Contract arising or accruing prior to the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be deemed cured and any pecuniary loss arising therefrom deemed compensated, upon payment of the Cure Amount with respect thereto, if any, and the Buyer shall have no liability or obligation arising or accruing in respect of the Purchased Contracts on or prior to the Closing. The non-debtor parties to the Purchased Contracts are barred from asserting against the Debtors, the Buyer, and their respective successors and assigns, any default or unpaid obligation allegedly arising or accruing before the Closing, any pecuniary loss resulting from such default, or any other obligation under the Purchased Contracts arising or incurred prior to the Closing, other than the Cure Amounts.

14. The payment of the cash required to be paid at Closing, the assumption of the Assumed Liabilities and all other consideration provided by the Buyer for the Purchased Assets under the Asset Purchase Agreement is fair and reasonable.

15. Any amounts funded by the Buyer in respect of the Designation Rights Budget that are not spent by the Debtors shall be promptly remitted to the Buyer. For the avoidance of doubt, the Designation Rights Budget shall be limited to the specific applicable line item in the Designation Rights Budget, and any unused amounts in one line item may not be applied or carried over to any other line item (but instead shall be remitted to the Buyer).

16. The Asset Purchase Agreement and the Sale Transaction shall not be avoided under section 363(n) of the Bankruptcy Code, and no party shall be entitled to any damages or other recovery pursuant to section 363(n) in respect of the Asset Purchase Agreement or the Sale Transaction.

17. The Asset Purchase Agreement and the Sale Transaction are undertaken by the Buyer in good faith, as that term is used in section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Asset Purchase Agreement and the Sale Transaction shall not affect the validity of the sale of the Purchased Assets to the Buyer or any other aspect of the Sale Transaction, unless this Sale Order is duly stayed pending such appeal. The Buyer is a good faith purchaser of the Purchased Assets and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

18. All persons and entities that are in possession of some or all of the Purchased Assets as of the Closing are hereby ordered to surrender possession of such Purchased Assets to the Buyer as of the Closing.

19. This Sale Order is and shall be binding upon and shall govern acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of fees, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities, who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect that the Buyer is the assignee and owner of the Purchased Assets free and clear of all Liens, claims, encumbrances and interests, other than Liens specifically assumed by Buyer under the Asset Purchase Agreement (all such entities being referred to as "<u>Recording Officers</u>"). All Recording Officers are authorized and specifically directed to strike recorded claims, Liens and interests against the Purchased Assets recorded prior to the date of this Sale Order, other than Liens specifically assumed by Buyer under the Asset Purchase Agreement.

20. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the transactions authorized herein, including the Asset Purchase Agreement, the Management Agreement and the Sale Transaction.

21. The terms and provisions of the Asset Purchase Agreement, the other ancillary agreements, and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, the Buyer, and their respective affiliates, successors and assigns, and any affected third parties, notwithstanding the dismissal of any of the Debtors' cases or any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code or conversion of the Debtors' cases to cases under chapter 7, as to which trustee(s) such terms and provisions likewise shall be binding and not subject to rejection or avoidance. The Asset Purchase Agreement, the Sale Transaction and this Sale Order shall be binding upon, and shall

not be subject to rejection or avoidance by, any chapter 7 or chapter 11 trustee appointed in the Bankruptcy Cases.  Further, nothing contained in any plan of reorganization (or liquidation) confirmed in these chapter 11 cases or any order confirming any plan of reorganization (or liquidation) or any other order entered in these cases shall conflict with or derogate from the provisions of the Asset Purchase Agreement or the terms of this Sale Order.

22. The Asset Purchase Agreement and any related agreements, documents, or other instruments may be amended by the parties in a writing signed by such parties without further order of the Court, provided that: (i) any such amendment does not have a material adverse effect on the Debtors or the Debtors' estates.

23. The failure to include specifically any particular provision of the Asset Purchase Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Asset Purchase Agreement be authorized and approved in its entirety.

24. To the extent of any inconsistency between the provisions of this Sale Order, the Asset Purchase Agreement, and any documents executed in connection therewith, the provisions contained in the Sale Order, the Asset Purchase Agreement, and any documents executed in connection therewith shall govern, in that order.

25. To the extent the Schedules to the Asset Purchase Agreement are updated in accordance therewith (with the approval of the Buyer), the Debtors shall file updated Schedules to the Asset Purchase Agreement (as such Schedules may be approved by the Buyer) as soon as practicable, but in no event later than five (5) Business Days following the Closing Date.

26. The provisions of this Sale Order authorizing the sale and assignment of the Purchased Assets free and clear of all Liens, claims, encumbrances and interests, other than

Liens specifically assumed by Buyer under the Asset Purchase Agreement and Permitted Exceptions, shall be self-executing, and notwithstanding the failure of the Debtors, the Buyer, or any other party to execute, file or obtain releases, termination statements, assignments, consents or other instruments to effectuate, consummate and/or implement the provisions hereof, all Liens, claims, encumbrances, and other interests on or against such Purchased Assets (other than Liens specifically assumed by Buyer under the Asset Purchase Agreement and Permitted Exceptions), if any, shall be deemed released, discharged and terminated.

27. Notwithstanding the provisions of Bankruptcy Rules 6004(h), 6006(d) or 7062, this Sale Order shall be effective and enforceable immediately and shall not be stayed.

28. This Court shall retain exclusive jurisdiction to resolve any controversy or claim arising out of or related to this Sale Order, the Asset Purchase Agreement or any other related agreements, including without limitation: (a) any actual or alleged breach or violation of this Sale Order, the Asset Purchase Agreement or any related agreements and (b) the enforcement of any relief granted in this Sale Order or (c) as otherwise set forth in the Asset Purchase Agreement.

**END OF ORDER**

*2134243v2*

# **EXHIBIT A TO SALE ORDER**

**ASSET PURCHASE AGREEMENT**

## **EXHIBIT B TO SALE ORDER**

**CURE AMOUNTS**